**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| GLOBAL CONCRETE CORP., an Illinois corporation, GLOBAL BUILDERS, INC., an Illinois corporation, and CARMEN GRATACE, an individual, | ) ) ) ) ) |
| Defendants. | ) ) |

CASE NO.: 20-CV-4213

MAG. JUDGE: CUMMINGS

**MOTION TO REINSTATE THE LAWSUIT AND FOR THE IMMEDIATE ENTRY OF JUDGMENT AGAINST GLOBAL BUILDERS, INC. AND CARMEN GRATACE**

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 *et al.*, by and through their attorneys, JOHNSON & KROL, LLC, and move this Honorable Court to reinstate the lawsuit and to enter an immediate judgment against the Defendants GLOBAL BUILDERS INC., ("GLOBAL BUILDERS") and CARMEN GRATACE ("GRATACE"), and in support state as follows:

1. On March 17, 2021, during a settlement conference conducted by the Honorable Magistrate Judge Cummings, the Plaintiffs, GLOBAL BUILDERS and GRATACE agreed to resolve the Plaintiffs' claims.

2. On May 14, 2021, the Plaintiffs, GLOBAL BUILDERS and GRATACE entered into a Settlement Agreement to memorialize the settlement reached during the settlement conference. (A copy of the fully executed Settlement Agreement is attached as **Exhibit 1**).

3. The fully executed Settlement Agreement was provided to GLOBAL BUILDERS and GRATACE's counsel on May 14, 2021.

4. The Settlement Agreement required GLOBAL BUILDERS and GRATACE to pay $3,067.50 to the Plaintiffs within 30 days of May 14, 2021. (Settlement Agreement ¶ 9; **Exhibit 1**).

5. Paragraph 10 of the Settlement Agreement further provided as follows:

> In the event **[GRATACE]** and/or [GLOBAL BUILDERS] fail to remit payment of $3,067.50 within thirty (30) days of receiving a fully executed copy of this Agreement: (A) the [Plaintiffs] may petition the court to reinstate the Federal Lawsuit and to seek an immediate entry of judgment against **[GRATACE]** and [GLOBAL BUILDERS], jointly and severally, in the amount of $3,067.50; and (B) in the event the [Plaintiffs] are required to reinstate the Federal Lawsuit, **[GRATACE]** and [GLOBAL BUILDERS] shall be liable for all their reasonable attorney's fees and costs.

(Settlement Agreement ¶ 10; **Exhibit 1**).

6. Pursuant to the Settlement Agreement, the parties agreed to a Stipulated Order of Dismissal of the Defendants GLOBAL BUILDERS and GRATACE with the Court to Retain Jurisdiction to Enforce the terms of the Parties' Settlement Agreement ("Stipulated Order of Dismissal"), which this Court entered on May 25, 2021. (Docket No. 60); (A copy of the Stipulated Order of Dismissal is attached hereto as **Exhibit 2**).

7. Pursuant to Paragraph 1 of the Stipulated Order of Dismissal, Defendants GLOBAL BUILDERS and GRATACE were dismissed without prejudice. (Docket No. 60); (**Exhibit 2**).

8. Paragraphs 2 and 4[1] of the Stipulated Order of Dismissal provide as follows:

> 2. The Court shall retain jurisdiction over the Parties and hereby grants the Plaintiffs leave to reinstate the proceedings in the above-captioned matter to enforce the terms of the Settlement Agreement entered into by and between the Parties in May 2021, but not later than July 13, 2021. The Parties are barred from relitigating any claims raised in this litigation or any claims released by means of the Settlement Agreement.

---

[1] The Stipulated Order of Dismissal is missing a paragraph 3.

4. Pursuant to the Settlement Agreement entered into by and between the Parties in April 2021, Defendants GLOBAL BUILDERS and GRATACE are obligated to pay make payment to the Plaintiffs by June 13, 2021. Failure by the Defendant to comply with their payment obligation shall constitute a breach of the Settlement Agreement.

(Docket No. 60); (**Exhibit 2**).

9. As of the date of this filing, Defendants GLOBAL BUILDERS and GRATACE have failed to remit payment of $3,067.50 in breach of the Settlement Agreement. (A Certification of Lawrence J. Picardi, Sr. is attached hereto as **Exhibit 3**).

10. In the preparation, review and filing of this Motion, the Plaintiffs incurred $910.42 in attorneys' fees and costs, which should be awarded to them and against Defendants GLOBAL BUILDERS and GRATACE. (An Affidavit of Attorneys' Fees is attached hereto as **Exhibit 4**).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this matter be reinstated, and that Judgment be entered in favor of Plaintiffs and against the Defendants GLOBAL BUILDERS and GRATACE, jointly and severally, in the aggregate amount of $3,977.92, itemized as follows:

  i. $3,067.50 required by the Settlement Agreement; and

  ii. $910.42 in reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, Settlement Agreement and 29 U.S.C. § 1132(g)(2)(D).

B. The Plaintiffs have such other and further relief as the Court may deem just and equitable all at the cost of Defendants GLOBAL BUILDERS and GRATACE pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS'
UNION LOCAL UNION NO. 502** *et al.*

/s/ Jeffrey A. Krol – 6300262
*One of Plaintiffs' Attorneys*
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5465
krol@johnsonkrol.com